IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STACY L. CHRISTOPHER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-4372 |
| | § | |
| HOUSTON COMMUNITY COLLEGE SYSTEM, | § | |
| | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Houston Community College System's Motion for Summary Judgment on the Grounds of *Res Judicata* (Document No. 5), to which Plaintiff Stacy L. Christopher has filed no response and which is therefore deemed unopposed pursuant to Local Rule 7.4. After carefully reviewing the complaint, motion, the uncontroverted record evidence, and the applicable law, the Court concludes that the motion should be granted.

I. Background

A portion of the factual background for this employment retaliation case may be found in this Court's Memorandum and Order dated February 9, 2012. *See* Stacy L. Christopher v. Houston Community College System, No. 4:10-cv-4101, Document No. 25 ("Christopher I"). In Christopher I, the Court dismissed Plaintiff Stacy L. Christopher's ("Plaintiff") Title VII race

discrimination claim against Houston Community College System ("HCC"). Id. at 16. In connection with his discrimination claim, Plaintiff had filed a charge of discrimination with the EEOC on June 16, 2010, alleging that he had been denied a promotion on the basis of race.[1] Plaintiff now alleges that HCC retaliated against him for filing the charge with the EEOC by (1) removing Plaintiff from the summer 2010 roster, which meant he was not given any teaching assignments throughout the summer of 2010;[2] and (2) reducing Plaintiff's class-load from three classes to a single class for the fall of 2010.[3] Plaintiff filed Christopher I on October 25, 2010 and the instant action on December 12, 2011, both *after* the alleged retaliatory acts occurred.

## II. Res Judicata

HCC argues that the judgment in Christopher I has preclusive effect on subsequent actions against it which are based on the same nucleus of operative facts and which could have been brought in the previous action. "The preclusive effect of a prior federal court judgment is controlled by federal res judicata rules." Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000). The elements of res judicata are: (1) the parties in the second action

---

[1] Document No. 1 ¶ 24.

[2] Id. ¶¶ 25-26.

[3] Id. ¶ 27.

2

are the same, or in privity with, the parties in the first action; (2) judgment in the first case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. Id.

HCC correctly argues that the first three elements of res judicata are easily met. The parties are the same in both actions, and this Court, a court of competent jurisdiction, issued a final judgment on the merits. See Christopher I.

With respect to the fourth element, the Fifth Circuit applies the transactional test to determine whether two suits involve the same claim. See Southmark Prop. v. Charles House Corp., 742 F.2d 862, 870-71 & n.12 (5th Cir. 1984). "Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose.'" Davis v. Dallas Area Rapid Transit, 383 F.3d 309, 313 (5th Cir. 2004) (quoting Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 395-96 (5th Cir. 2004)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felsen, 99 S. Ct. 2205, 2209 (1979) (*superseded on other grounds by Bankruptcy Code*).

Here, the alleged retaliatory acts of which Plaintiff complains--the removal from the summer 2010 roster and the reduction in the number of classes assigned to him in the fall of 2010--arise out of or result from the same transaction as in Christopher I and pre-date its filing; they therefore could have been included in that action. *See* Matter of Howe, 913 F.2d 1138, 1144 (5th Cir. 1990) ("The rule is that res judicata 'bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication, . . . not merely those that were adjudicated.'" (quoting Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) (emphasis in original)).

Moreover, any contention that Plaintiff had not received his right to sue letter from the EEOC, and therefore could not include the retaliation claims in Christopher I, is without merit. In Davis, the Fifth Circuit held:

> [A] plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply 'with general rules governing federal litigation respecting other potentially viable claims.' Because the barred claims arose from the same nucleus of operative fact as the claims in Davis I and they predate that action, Appellants were on notice to include those claims in Davis I. To prevent their claims from being precluded, Appellants could have requested a stay in Davis I until they received their letters.

383 F.3d at 316 (citations omitted). If Plaintiff needed time in order to add his retaliation claims, he could have moved for a stay

4

of <u>Christopher I</u> and litigated his retaliation claims in that case after receiving his right to sue letter. <u>Id.</u> For the foregoing reasons, the retaliation claims alleged in this case are barred by res judicata.

It is therefore

ORDERED that Defendant Houston Community College System's Motion for Summary Judgment on the Grounds of *Res Judicata* (Document No. 5) is GRANTED, and Plaintiff Stacy Christopher's retaliation claims are DISMISSED WITH PREJUDICE. All other pending motions are DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 27TH day of April, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE